**E-FILED**
Friday, 01 September, 2006  10:14:43 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS AT ROCK ISLAND

| | | |
|---|---|---|
| LARRY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No: _____06–4061_____ |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SERVE:     CT Corporation System | ) | |
|             Registered Agent | ) | |
|             208 S. LaSalle Street | ) | |
|             Suite 814 | ) | |
|             Chicago, IL 60604 | ) | |
| | ) | |
|         Defendant. | ) | |

**FILED**

SEP – 1 2006

U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

## COMPLAINT

COMES NOW Plaintiff, Larry Johnson, by and through his attorneys, Holland, Groves &

Schneller, L.L.C., and for his cause of action against Defendant, BNSF Railway Company, states:

### COUNT I – FEDERAL EMPLOYER'S LIABILITY ACT

### (November 2003 Injury)

1.      That at all times hereinafter mentioned, the Plaintiff and the Defendant, BNSF

Railway Company, were employed and engaged in interstate commerce and by reason thereof their

mutual and respective rights and liabilities were governed by a certain Act of Congress, known as the

Federal Employer's Liability Act, 45 U.S.C. §§ 51 et seq.  That this action is properly venued in this

Court under the FELA and that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, Federal

Question Jurisdiction.

2.      Defendant, BNSF Railway Company, is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce between the several states of the United States.

3.      That at all times relevant herein, including the present, Defendant has operated trains, owned tracks and yards and other property in the counties of the State of Illinois comprising the Central District of Illinois.  That Defendant owns, operates and controls a railroad running between the State of Illinois and other states in the United States.

4.      That the Plaintiff, Larry Johnson, is a resident of the City of Galesburg, County of Knox, State of Illinois.

5.      That at all times relevant herein, Plaintiff Larry Johnson was employed by the Defendant, BNSF Railway Company, in the Maintenance of Way Department and that his work substantially affected interstate commerce.

6.      That on or about November, 2003 while employed by the Defendant, BNSF Railway Company, at or near the City of Colona, County of Henry, State of Illinois, Plaintiff injured his right knee when he tripped in a hole in Defendant's right of way.

7.      Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts or omissions of the Defendant in one or more of the following particulars:

        a)      Defendant failed to provide Plaintiff with a reasonably safe place to work; or

        b)      Defendant failed to provide reasonably safe conditions for work; or

        c)      Defendant failed to provide reasonably safe methods of work; or

        d)      Defendant failed to provide reasonably safe equipment or tools for work; or

2

    e)       Defendant failed to adequately inspect or maintain its right of way; or

    f)       Defendant failed to provide reasonably safe walking conditions.

    8.      As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his right knee, and the nerves, ligaments, soft tissues and adjacent structures; Plaintiff suffered and will continue to suffer mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy, x-rays, and surgery and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

    WHEREFORE, Plaintiff, Larry Johnson, prays for Judgment against the Defendant, BNSF Railway Company, for a sum fair and reasonable under the circumstances together with his costs herein expended and for such other and further relief as the court may deem just and proper.

## COUNT II – FEDERAL EMPLOYER'S LIABILITY ACT

### (July 2005 Injury)

COMES NOW Plaintiff, Larry Johnson, by and through his attorneys, Holland, Groves & Schneller, L.L.C., and for his cause of action against Defendant, BNSF Railway Company, states:

1.      That at all times hereinafter mentioned, the Plaintiff and the Defendant, BNSF Railway Company, were employed and engaged in interstate commerce and by reason thereof their mutual and respective rights and liabilities were governed by a certain Act of Congress, known as the Federal Employer's Liability Act, 45 U.S.C. §§ 51 et seq. That this action is properly venued in this Court under the FELA and that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction.

2.      Defendant, BNSF Railway Company, is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce between the several states of the United States.

3.      That at all times relevant herein, including the present, Defendant has operated trains, owned tracks and yards and other property in the counties of the State of Illinois comprising the Central District of Illinois. That Defendant owns, operates and controls a railroad running between the State of Illinois and other states in the United States.

4.      That the Plaintiff, Larry Johnson, is a resident of the City of Galesburg, County of Knox, State of Illinois.

4

5.      That at all times relevant herein, Plaintiff Larry Johnson was employed by the Defendant, BNSF Railway Company, in the Maintenance of Way Department and that his work substantially affected interstate commerce.

6.      That on or about July, 2005 while employed by the Defendant, BNSF Railway Company, plaintiff injured his head, back, and bilateral knees at or near the City of Galesburg, State of Illinois when he was forcefully struck in the head by a backhoe operated by a co-employee and rendered unconscious.

7.      Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts or omissions of the Defendant in one or more of the following particulars:

a)      Defendant failed to provide Plaintiff with a reasonably safe place to work; or

b)      Defendant failed to provide reasonably safe conditions for work; or

c)      Defendant failed to provide reasonably safe methods of work or adequate training; or

d)      Defendant failed to provide reasonably safe equipment or tools for work; or

e)      Defendant failed to provide Plaintiff with necessary equipment; or

f)      Defendant failed to provide adequate help; or

g)      Defendant failed to properly inspect and/or maintain its backhoe; or

h)      Defendant failed to properly train its employees how to safely operate its machinery; or

i)      Defendant, its employees and agents failed to work safely; or

j)      Defendant failed to make and enforce reasonably rules and practices; or

k)      Defendant, its employees and agents failed to follow the BNSF Engineering Instructions and specifically its On-Track Safety Rules, violation of which is negligence per se; or

5

l)     Defendant failed to properly train its employees in violation of 49 CFR § 214.355, violation of which is negligence per se; or

m)     Defendant failed to properly train its employees in violation of 49 CFR § 214.345, violation of which is negligence per se; or

n)     Defendant failed to properly train its employees and/or allowed roadway workers to operated machinery in violation of 49 CFR § 214.341, violation of which is negligence per se; or

o)     Defendant failed to properly train its employees and/or assigned an employee to perform duties in violation of 49 CFR § 214.343, violation of which is negligence per se; or

p)     Defendant, its employees and agents failed to follow its on-track safety rules in violation of 49 CFR § 214.213, violation of which is negligence per se; or

q)     Defendant failed to properly implement an on-track safety program to all roadway workers in violation of 49 CFR § 214.303, violation of which is negligence per se.

8.     As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his head, back and bilateral knees, and the nerves, ligaments, soft tissues and adjacent structures; Plaintiff suffered and will continue to suffer mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy, x-rays, and surgery and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

6

WHEREFORE, Plaintiff, Larry Johnson, prays for Judgment against the Defendant, BNSF Railway Company, for a sum fair and reasonable under the circumstances together with his costs herein expended and for such other and further relief as the court may deem just and proper.

## COUNT III – FEDERAL EMPLOYER'S LIABILITY ACT

### (Cumulative Trauma Injury)

COMES NOW Plaintiff, Larry Johnson, by and through his attorneys, Holland, Groves & Schneller, L.L.C., and for his cause of action against Defendant, BNSF Railway Company, states:

1.      That at all times hereinafter mentioned, the Plaintiff and the Defendant, BNSF Railway Company, were employed and engaged in interstate commerce and by reason thereof their mutual and respective rights and liabilities were governed by a certain Act of Congress, known as the Federal Employer's Liability Act, 45 U.S.C. §§ 51 et seq.  That this action is properly venued in this Court under the FELA and that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction.

2.      Defendant, BNSF Railway Company, is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce between the several states of the United States.

3.      That at all times relevant herein, including the present, Defendant has operated trains, owned tracks and yards and other property in the counties of the State of Illinois comprising the Central District of Illinois.  That Defendant owns, operates and controls a railroad running between the State of Illinois and other states in the United States.

7

4.   That the Plaintiff, Larry Johnson, is a resident of the City of Galesburg, County of Knox, State of Illinois.

5.   That at all times relevant herein, Plaintiff Larry Johnson was employed by the Defendant, BNSF Railway Company, in the Maintenance of Way Department and that his work substantially affected interstate commerce.

6.   Plaintiff Larry Johnson was employed by Defendant, BNSF Railway Company, in the Maintenance of Way Department throughout Illinois and Iowa.  Larry Johnson was employed and performed his duties throughout the Rock Island Division of the Central District of Illinois.  Plaintiff's work required constant pulling, standing, walking, stooping and kneeling on and around defendant's tracks.  Defendant's tracks were and are constructed with "ballast," on which plaintiff was required to walk.

7.   Plaintiff's work duties as described above subjected him to a series of traumas, better known as "cumulative trauma" or "repetitive trauma," to his ankles and lower extremities and the discs, blood vessels, ligaments, and adjacent structures.

8.   The above injuries were caused or contributed to be caused in whole or in part by the Defendant's failure to provide a safe place to work in one or more of the following ways:

    a)   Failed to provide reasonably adequate help; or

    b)   Failed to provide reasonably adequate tools and equipment; or

    c)   Failed to provide proper appliances for work; or

    d)   Knew or in the exercise of ordinary care should have known that constant repetitive standing, walking, climbing, kneeling and stooping could cause serious injuries, to its employees, including plaintiff; or

    e)   Knew or by using ordinary care should have known that repetitive, excessive standing, walking, kneeling, stooping, climbing, and repetitive work on an

8

uneven and large ballast could cause serious injuries to its employees, including plaintiff; or

f)     Negligently and carelessly allowed unsafe practices to become common practice.

9.     As a result of the aforementioned conduct of the Defendant, Plaintiff's previously existing conditions were aggravated and exacerbated and caused him to suffer serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his ankles and lower extremities and the nerves, ligaments, soft tissues and adjacent structures; Plaintiff suffered and will continue to suffer mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy, x-rays, and surgery and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff, Larry Johnson, prays for Judgment against the Defendant, BNSF Railway Company, for a sum fair and reasonable under the circumstances together with his costs herein expended and for such other and further relief as the court may deem just and proper.

9

HOLLAND, GROVES & SCHNELLER, L.L.C.

_____
ERIC D. HOLLAND
300 N. Tucker Boulevard, Suite 801
St. Louis, Missouri 63101
(314) 241-8111
(314) 241-5554 (fax)
eholland@allfela.com

Attorneys for Plaintiff

10